UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH SAENZ | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| FIRST COMMUNITY INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, First Community Insurance Company ("FCIC"), Defendant in Cause No. 2015-DCL-06304, pending in the 404th Judicial District Court of Cameron County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Brownsville Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I. Background

1.   On or about October 12, 2015, Plaintiff filed his Original Petition in the state court suit, seeking judgment against the Defendant for the amount allegedly owed on Plaintiff's insurance claim, not greater than $74,999.99.  At the time his Petition was filed, Plaintiff did not provide an estimate supporting his claimed damages.  Plaintiff alleges that he was underpaid on his claim, and that FCIC breached the terms of the policy he had with FCIC.  Plaintiff now seeks to recover directly against Defendant.

2.   On November 24, 2015, Plaintiff forwarded an estimate supporting his damages. The estimate provided for $30,071.38 in actual damages.  Based on his pleading seeking treble

**DEFENDANT'S NOTICE OF REMOVAL – Page 1**
2336862v1
09613.035

damages of his actual damages incurred, at this point, it became clear that his amount in controversy is greater than $75,000.00.

3. Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court. Attached as Exhibit "B" is a copy of the docket sheet and all documents filed in the state court action are attached as Exhibit "B-1" thru Exhibit "B-5" as identified on the Index of State Court Documents. Finally, Defendant's List of the Parties to the Case and Counsel is attached hereto as Exhibit "C".

4. Plaintiff served FCIC with his Original Petition and process on October 14, 2015. On November 24, 2015, FCIC received an estimate showing that Plaintiff's case is clearly removable on the basis that Plaintiff's amount in controversy being greater than $75,000.

5. Pursuant to 28 U.S.C. § 1446(b)(3), FCIC timely removes this case within thirty (30) days of its receipt of Plaintiff's "other paper" from which FCIC could first ascertain that the case is removable and that the amount in controversy was greater than $75,000.

6. All pleadings, process, orders, and all other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a).

7. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action was pending.

8. FCIC will promptly file a copy of this removal with the clerk of the state court in which the action was pending and will give written notice of the filing to Plaintiff.

## II. Basis for Removal

9. Removal is proper because complete diversity of citizenship exists between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees.

10. The amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees because Plaintiff seeks treble his alleged actual damages, which are cited as $30,071.38. If, as here, Plaintiff seeks monetary relief and demands an amount that exceeds the minimum jurisdictional amount, Defendant may rely on that demand to meet the jurisdictional requirement.

11. Complete diversity exists between Plaintiff and Defendant as follows:

12. Plaintiff Joseph Saenz is a citizen of the State of Texas because he is, and was at the time the lawsuit was filed, domiciled in the State of Texas. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2nd Cir. 2000)(an individual's citizenship, within the meaning of 28 U.S.C. § 1332, is determined by his or her domicile); *see also Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)(stating that if diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in citizenship).

13. Defendant FCIC is, and was at the time the lawsuit was filed, a citizen of Florida for diversity purposes because it is organized under the laws of Florida and its principal place of business is in Florida.

## III. Conclusion

14. Accordingly, FCIC hereby removes this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

*/s/ R. Tate Gorman*
R. Tate Gorman
State Bar No. 24032360
Drew A. Jones
State Bar No. 24083269

700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:     214.871.8200
Facsimile:     214.871.8209
Email: tgorman@thompsoncoe.com
           drew.jones@thompsoncoe.com

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Notice of Removal was served through the CM/ECF Filing System and certified mail return receipt requested to counsel below on this December 23, 2014.

Douglas E. Pennebaker
Pennebaker Law Firm
200 Concord Plaza, Suite 750
San Antonio, Texas  78216

*/s/ Drew A. Jones*
Drew A. Jones